WATTS *v.* STATE.

In Banc.    June 12, 1950.

No. 37583 (46 So. (2d) 789)

**Roy N. Lee,** for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Roberds, J.** .

Appellant was convicted of grand larceny and sentenced to serve two years in the State Penitentiary.

On this appeal, he urges that the conviction was against the great weight of the evidence. The property stolen was a hog. The record discloses ample evidence that the accused and one Huff planned the stealing of the hog; that accused was present, watching, aiding and abetting when the hog was killed; that he furnished a wagon in which the hog, after being killed, was to be and was transported to the home of accused, and placed in his crib the night it was stolen; that, becoming afraid the carcass would be discovered at his home, he and his accomplice, the next morning, placed the hog in a wagon of accused and transported it for some distance and placed it in a thicket, in an effort to hide it, and were arrested by the officers as they were returning in the wagon to the home of appellant. It is true defendant denied any part in the crime, and he produced witnesses who said he was not at the scene of the crime. It was the function of the jury to pass upon this conflicting evidence. Appellant next says there is no valid judgment finding him guilty and imposing sentence. The judgment

reads as follows: ''This day this cause came on for hearing, the Defendant, Drummond Watts, having been arraigned on a charge of Grand Larceny on a former day of this court, when came the District Attorney who prosecutes for the State and the defendant Drummond Watts in his own proper person and by counsel and announced ready for trial. Thence came twelve good and lawful men of Newton County, Mississippi, composed of H. E. Russell and eleven others, who having heard all the evidence and testimony in the case and argument of counsel and receiving instructions of the Court retired to the jury room to consider of their verdict, presently returned into open court and in the presence and hearing of said defendant with the following verdict: 'We, the jury, find the defendant guilty as charged.' And it is ordered that for his said offense of Grand Larceny the said defendant, Drummond Watts, is hereby sentenced to serve a term of Two years in the Mississippi State Penitentiary. Ordered this the 11th day of August, 1949.'' Appellant says the judgment fails to adjudge that the twelve men who tried him constituted a jury; that it merely describes them as ''twelve good and lawful men'', without adjudicating that they composed a jury. The record discloses the regular organization and opening of the court; all of the instructions begin ''The court instructs the jury . . .''; and the verdict of the jury, embodied into, and as a part of, the judgment, recites ''We, the Jury . . .''. The entire record shows accused was tried and convicted by a jury in a judicial proceeding. The criticism is hypercritical. The contention is too theoretical for the practical administration of the law. It might be added that the point was not raised in the lower court.

Appellant complains of an instruction granted the State. He admits the instruction is correct if there is believable evidence establishing that appellant was an accessory to or actually took part in the larceny. We

have stated above there is ample evidence to sustain both facts.

Affirmed.

**Lee, J.,** took no part in the consideration or decision of this case.